(78 South. 849)

MONTE et al. v. SCOTT.   (6 Div. 623.)

(Supreme Court of Alabama.   May 16, 1918.)

1. MASTER AND SERVANT ⊚⟲330(2)—INJURIES TO THIRD PERSONS.

In action for killing of child by collision with defendant's automobile, on the issue whether the boy driving the car at the time was running it with the authority or consent of defendant, testimony that the boy had been seen several times operating the car was not objectionable because not confined to the occasion.

2. MASTER AND SERVANT ⊚⟲332(4)—REQUESTED INSTRUCTIONS—MISLEADING INSTRUCTIONS.

In such action, a requested charge that, if the jury believed that the boy had never before operated the automobile of the defendant with his consent, to find for defendant was misleading, because operation with defendant's knowledge, though without his actual consent, might indicate ultimate consent.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Action by James T. Scott, suing as father of Norman Scott, against Peter Monte and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Percy, Benners & Burr, of Birmingham, for appellants. Goodwyn & Ross, of Bessemer, for appellee.

SOMERVILLE, J. This is an action for the negligent killing of plaintiff's minor child, by collision with defendant's automobile, which was being then operated by defendant's delivery boy.

The only question presented on this appeal is whether the boy was running the car with the authority or consent of defendant. We have examined the entire testimony with critical care; and, although the inference of such authority or consent is weak, we cannot affirm that the trial court erred in submitting that question to the jury.

[1] The question to the witness Renner, "Had you seen Dave Stone, this young boy that was working there for them at that time, and before this time this little child was killed, operating this automobile for them?" was objected to by defendant on the ground that it called for illegal, incompetent, and irrelevant testimony, and because not confined to this occasion. The objection being overruled, the witness answered, "I have seen him several times." The answer was clearly relevant to the issue, and the objection was properly overruled.

[2] The trial judge refused to give the following charge requested by defendant:

"I charge you that if you believe from the evidence in this case that Dave Stone had never before operated the automobile of the defendant with his consent, then your verdict must be for the defendant."

If Stone had so done with the knowledge of defendant, though without his actual consent, this might, with respect to any particular future occasion of open use, be some indication of ultimate consent. The charge

was misleading in this particular. Moreover, the oral charge clearly instructed the jury on this proposition as favorably to defendant as he could have asked for, and the charge was refused without error.

Let the judgment be affirmed.

Affirmed. All the Justices concur.